# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

Belanove Exilhomme

Plaintiff,

V.

Equifax

Defendant.

Case No.

JURY TRIAL DEMANDED.

## COMPLAINT

This case arises from a simple request a consumer asking for access to the information about himself. But the result has been anything but simple. Belanove Exilhomme, a resident of Massachusetts, requested a copy of his Equifax consumer file. He did so out of caution and hope: caution, because recent credit denials had left him confused; hope, because he believed that by reviewing his file, he could address and correct any issues.

What he received instead was incomplete, cryptic, and misleading. Equifax failed to disclose full account numbers, payment histories, and internal coding necessary for understanding and disputing erroneous information. Without complete data, Mr. Exilhomme was left unable to challenge harmful inaccuracies on his report.

This failure by Equifax wasn't a mistake. It's part of a systemic practice designed to obstruct consumers' rights under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

Mr. Exilhomme brings this action to vindicate those rights and to hold Equifax accountable for the real harm it caused—financially, emotionally, and legally.

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

2. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in Massachusetts, where Plaintiff resides and requested his file.

## PARTIES

3. Plaintiff, Belanove Exilhomme, is a natural person residing in Massachusetts and is a "consumer" as defined in 15 U.S.C. § 1681a(c).

4. Defendant, Equifax Information Services, LLC, is a Georgia limited liability company, a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f), with its principal place of business at 1550 Peachtree Street NW, Atlanta, GA 30309.

## FACTUAL ALLEGATIONS

5. On or about August 19, 2025, Mr. Exilhomme submitted a file disclosure request to Equifax via www.annualcreditreport.com.

6. Equifax responded with a limited and redacted "consumer file," omitting essential details such as:

   o Full account numbers.

   o Furnisher internal codes.

   o Date of first delinquency.

   o Historical payment data.

7. Several tradelines from furnishers Austin Capital Bank, SYNOVUS/FIRST PROGRES,

2

ZOLVE/COMMUNITY FEDERAL, etc., appeared incomplete or inconsistent, making it impossible to understand or dispute them.

8. On or about August 19, 2025, Mr. Exilhomme applied for credit and was denied. The lender cited negative items on his Equifax report.

9. Due to Equifax's inadequate disclosure, Mr. Exilhomme could not identify or challenge the disputed entries.

10. As a result, Mr. Exilhomme experienced financial harm, including credit denial, and emotional distress, including:

- Difficulty sleeping, including waking up during the night in panic.

- Inability to concentrate at work, leading to reprimands by his supervisor.

11. Equifax's refusal to provide complete data violates 15 U.S.C. § 1681g(a), which requires a consumer reporting agency to disclose "all information in the consumer's file."

12. The Federal Trade Commission has affirmed (FTC Advisory Letter, Darcy, June 30, 2000) that redacting or abbreviating such file contents violates § 1681g(a).

13. In Washington v. Equifax, No. 3:19-cv-00154 (M.D. Tenn.), the court highlighted that the FCRA mandates complete file disclosure, including "all information" Equifax holds not an abridged version.

14. Equifax's conduct is willful or, at a minimum, negligent. See Spokeo, Inc. v. Robins, 578 U.S. 330 (2016).

## COUNT I – VIOLATION OF THE FAIR CREDIT REPORTING ACT

## (15 U.S.C. § 1681g(a)

Failure to Clearly and Accurately Disclose File Contents)

3

15. Plaintiff incorporates paragraphs 1 through 14 as if fully stated herein.

16. Equifax failed to provide Plaintiff with all information in his file, as required by § 1681g(a)(1).

17. Equifax's omission of critical data directly obstructed Plaintiff's ability to dispute inaccuracies.

18. Plaintiff has suffered actual damages, emotional distress, and credit denial.

19. Equifax's conduct was willful and/or negligent, entitling Plaintiff to statutory, actual, and punitive damages under §§ 1681n and 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to:

a. Award statutory damages under 15 U.S.C. § 1681n(a)(1)(A);

b. Award actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

c. Award punitive damages under 15 U.S.C. § 1681n(a)(2);

d. Award costs and attorney's fees under 15 U.S.C. §§ 1681n(a)(3) and/or 1681o(a)(2);

e. Grant such other relief as the Court deems just and proper.

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED: October 6, 2025

Respectfully submitted,

Belanove Exilhomme

500 Broadway apt 1111

Malden, MA 02148

Pro Se Plaintiff

5

## EXHIBITS

- Exhibit A – Equifax consumer disclosure with missing data.

- Exhibit B – Credit denial letter citing Equifax data.

- Exhibit C – FTC Advisory Opinion (Darcy, June 30, 2000).